IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SONYA TUCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13-03215-CV-S-DGK-SSA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER REMANDING CASE TO ALJ

Plaintiff Sonya Tucker seeks judicial review of the Commissioner of Social Security's denial of her applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434 and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f. The Administrative Law Judge ("ALJ") found Plaintiff had multiple severe impairments, but she retained the residual functional capacity ("RFC") to perform work as a production worker, telephone quotation clerk, and charge account clerk.

Because the ALJ relied upon a non-medical consultant's opinion in formulating her RFC, the Court REMANDS the case to the ALJ for further proceedings.

**Factual and Procedural Background**

A summary of the entire record is presented in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed her application for disability insurance benefits on March 22, 2010, and her application for supplemental security income on August 13, 2010. In each application, she

alleged a disability onset date of February 1, 2009.[1]  The Commissioner denied her applications at the initial claim level, and Plaintiff subsequently requested a hearing with an ALJ.  On January 23, 2012, the ALJ issued an unfavorable decision.  Plaintiff appealed the denial to the Appeals Council of the Social Security Administration, and on April 10, 2013, it denied Plaintiff's request for review, leaving the ALJ's decision as the Commissioner's final decision.  Plaintiff has exhausted all of her administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).  Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision.  *Id.*  In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it.  *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).  The court must "defer heavily" to the Commissioner's findings and conclusions.  *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010).  The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact.  *Buckner*, 646 F.3d at 556.

---

[1] Plaintiff previously filed applications for disability insurance benefits and supplemental security income.  The Commissioner denied these applications, and the ALJ affirmed the Commissioner's opinion on January 4, 2010.  The district court subsequently affirmed the ALJ's decision.  *See Tucker v. Astrue*, No. 10-3525-CV-RED-SSA, 2011 WL 6370682 (W.D. Mo. Dec. 20, 2011).

## Analysis

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than twelve months, 42 U.S.C. § 423(d), the Commissioner follows a five-step sequential evaluation process.[2]

Plaintiff contends that the ALJ erred in misidentifying an opinion from a non-medical consultant, Ms. Staci Hoffman ("Ms. Hoffman"), as a physician's opinion, and then relying on Ms. Hoffman's opinion in formulating Plaintiff's RFC. The Court agrees.

A claimant's RFC must be based on some medical evidence. *See Hutshell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001). Accordingly, in formulating a claimant's RFC, an ALJ may not assign controlling weight to, and essentially adopt the limitations asserted in, a non-medical consultant's opinion. *Robertson v. Astrue*, No. 10-247-CV-W-DGK-SSA, 2012 WL 11120, at *2 (W.D. Mo. Jan. 3, 2012). Doing so constitutes a legal error. *Id.* This legal error, however, may be harmless if other evidence in the record supports the limitations assessed by the non-medical consultant. *Id.*

Here, a review of the ALJ's opinion indicates that he relied upon the opinion of a non-medical consultant. In his explanation of the RFC, the ALJ misidentified Ms. Hoffman, who is a non-medical consultant, as an "agency physician," and he discussed how Ms. Hoffman's opinion

---

[2] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); see 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

was consistent with the record evidence. R. at 17. From this discussion, it appears that the ALJ assigned her opinion significant weight in formulating the RFC.

A comparison of Ms. Hoffman's opinion with Plaintiff's RFC confirms this conclusion. Ms. Hoffman opined that Plaintiff could occasionally lift ten pounds, frequently lift less than ten pounds, stand and/or walk for two hours in an eight-hour workday, and sit for about six hours in an eight-hour work day. R. at 401. Similarly, the ALJ eventually found that Plaintiff had "the residual functional capacity to lift/carry 10 pounds occasionally and less than 10 pounds frequently, stand/walk 2 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday." R. at 15. This substantial overlap suggests that the ALJ adopted portions of Ms. Hoffman's opinion in formulating the RFC, thus committing a legal error. And the Court cannot reasonably conclude that this error is harmless, because Defendant fails to cite any other evidence supporting the ALJ's RFC formulation. Given the ALJ's clear consideration of, and apparent reliance on, Ms. Hoffman's opinion, remand is necessary for the ALJ to reformulate Plaintiff's RFC. *See Andreatta v. Astrue*, No. 11-3158-CV-S-NKL-SSA, 2012 WL 1854749, at *10 (W.D. Mo. May 21, 2012) (remanding a case where it appeared that the ALJ relied upon a non-medical consultant's opinion and defendant failed to demonstrate the reliance was merely harmless error); *see also Dewey v. Astrue*, 509 F.3d 447, 449 (8th Cir. 2007) (remanding a case where the ALJ relied upon the opinion of a layperson in formulating the claimant's RFC). While the ALJ may once again determine that the record evidence warrants a finding of no disability, he should primarily rely upon a medical consultant's opinion or other medical evidence in formulating Plaintiff's RFC.[3]

---

[3] Plaintiff raises a variety of other arguments challenging the ALJ's decision. Because the first argument requires remand, the Court declines to consider the remaining contentions.

**Conclusion**

For the foregoing reasons, the Court REMANDS this case to the ALJ for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Date:  June 30, 2014                     /s/ Greg Kays
                                                      GREG KAYS, CHIEF JUDGE
                                                      UNITED STATES DISTRICT COURT